

FILED
CLERK, U.S. DISTRICT COURT
JAN 16 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ETHAN MICHAEL,

Plaintiff,

vs.

DELOIS MAE HANEY-GUILLORY,

Defendant.

CASE NO. CV 13-9563-UA (DUTYx)

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 31, 2013, defendant Delois Mae Haney-Guillory lodged a Notice of Removal with respect to Los Angeles Superior Court Case No. 13R07854 and an unlawful detainer complaint filed in that action on September 12, 2013 (the "Complaint"), and she presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant alleges that the Complaint "originally could have been filed" in federal court "pursuant to 18 U.S.C. § 1441(a) and/or (b)," the statutory provisions for removal based on federal question jurisdiction and diversity jurisdiction. However, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place, in that defendant does not competently allege facts supplying any basis for federal subject matter jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendant asserts that federal question jurisdiction exists, because: she demurred to the Complaint based upon plaintiff's alleged failure to comply with 12 U.S.C. § 5220 (the Protecting Tenants at Foreclosure Act); and the Los Angeles Superior Court did not sustain her demurrer. Defendant's allegations regarding such a violation may be raised as a defense and/or cross-claim in the Unlawful Detainer Action. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint the removal of which is sought. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if defendant can assert a federal law violation to defend against the Unlawful Detainer Action in state court, any such defense or cross-claim does not confer federal question jurisdiction and, thus, is not a basis for removal.

With respect to diversity jurisdiction, defendant has not provided any information regarding the citizenship of the parties to the Unlawful Detainer Action. However, the Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded

"does not exceed $10,000." *See* 28 U.S.C. § 1332. Moreover, if defendant is a California citizen, as appears possible, she may not remove this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 1725 Main Street, Santa Monica, CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/12/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE